USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/13

Pauley, W.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YANN GERON, as Chapter 7 Trustee of Thelen LLP,

                Plaintiff,

- against -

ROBINSON & COLE LLP and PARTNER DOES,

                Defendants.

Case No. 11-cv-08967-WHP

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

SO ORDERED:

_/s/ William H. Pauley III_
WILLIAM H. PAULEY III U.S.D.J.
7/1/13

---

    It is hereby stipulated and agreed, by and between Defendant Robinson & Cole, LLP and Plaintiff Yann Geron, as Chapter 7 Trustee of Thelen LLP, each a "party" and together the "parties", acting through their undersigned counsel, as follows:

    1.    The parties anticipate that they may be required to produce documents, information, or evidence that relates to non-public financial or business information that a party alleges is proprietary or confidential. This Stipulated Confidentiality and Protective Order is designed to protect such information from public disclosure.

    2.    Any party or non-party from whom discovery has been sought (the "Producing Party") may designate as "Confidential" any document, testimony or other discovery material. "Confidential" as used herein shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained therein. "Confidential," as used herein shall mean any materials which, in the Producing Party's reasonable judgment, contain proprietary, confidential, or sensitive business information. Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

    3.    Material shall be designated as "Confidential" by placing or affixing a "CONFIDENTIAL" notice on such material. Any such notice which is inadvertently omitted

1

during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly. The parties may also agree for convenience to designate depositions (and the exhibits thereto) as Confidential in their entirety, provided that within a reasonable time thereafter the parties designate the particular portions they assert to actually be Confidential.

    4.    Unless and until the Court rules or the parties stipulate in writing that discovery designated as "Confidential" shall not be treated as "Confidential," persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

    (a)    Named Parties;

    (b)    Attorneys for Named Parties;

    (c)    Persons employed by or working under the direction of attorneys for the named parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

    (d)    Independent experts or consultants retained by a party or an attorney of record for purposes of this litigation, as well as any employees, associates or independent contractors retained by those experts or consultant in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

    (e)    Deponents;

    (f)    Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(g) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, subject to the protections of any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

5. Prior to dissemination of documents designated "Confidential," or the contents thereof, to a person described in paragraph 4(d), that person shall:

(a) Be advised by counsel making such dissemination of the terms of this Stipulated Confidentiality and Protective Order;

(b) Read this Stipulated Confidentiality and Protective Order; and

(c) Sign a copy of the confidentiality agreement "(Confidentiality Agreement)" attached hereto as **Appendix A**, thereby becoming subject to this Stipulated Confidentiality and Protective Order.

Counsel for the party disseminating the information shall keep the original of each executed certificate. A party may request the production of a signed Confidentiality Agreement upon a showing of good cause. If the other party does not agree to produce a copy of the Confidentiality Agreement, the requesting party may file a motion with the court seeking production of the Confidentiality Agreement.

6. All "Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this case, and for no other purpose. Such information and documents, or the contents thereof, shall not be disclosed to anyone to whom access to such documents is not permitted under the terms herein.

7. All "Confidential" material shall be stored under the direct control of counsel for the parties, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Protective Order.

8. Each party is to make good faith efforts to avoid, unless necessary, the inclusion of documents or information designated "Confidential" in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents or information as "Confidential."

9. Within a reasonable period of time after the conclusion of depositions, the parties shall meet and confer in an attempt to reach an agreement as to whether any documents designated as Confidential and marked as exhibits during depositions and any portions of deposition transcripts marked Confidential should be de-designated. In addition, the parties are encouraged to meet and confer regarding the confidentiality of documents marked Confidential but not marked as deposition exhibits, as appropriate to avoid, where possible, filing motions and related filings under seal. Nothing in this paragraph or in other provisions of this Stipulated Confidentiality and Protective Order shall be deemed to limit the rights of any party to contest a confidential designation as set forth in paragraph 10.

10. Any party shall have the right, exercisable by written notice, to contest a designating party's designation of materials as Confidential. Within five (5) judicial days after notice of such a contest, the parties shall attempt in good faith to resolve the contested issues. If no resolution is reached, the party seeking to maintain the Confidential designation shall be required to move for a protective order within fifteen (15) judicial days after receiving the written notice of the contested designation. The Confidential materials that are the subject of any such motion for a protective order shall remain Confidential until the motion has been decided.

11. The parties shall seek leave of the Court to file documents designated Confidential or documents containing Confidential material under seal.

12. Provided leave of the Court has been granted, the parties shall file under seal documents designated as Confidential and shall redact portions of briefs or other papers that disclose the substance of documents designated as Confidential. Before or concurrently with the filing of such documents, the filing party shall e-mail to all counsel of record unsealed and unredacted versions of documents filed under seal, which shall be deemed proper service of such documents. The filing party shall provide unsealed and unredacted versions of all documents to chambers.

13. Notwithstanding anything contained to the contrary herein, the parties shall comply with Section V of the Court's Individual Practices, including by obtaining leave of the Court before

filing any document under seal, which request for leave shall include that party's proposed redactions. If leave is granted, then the parties shall file with the Clerk of the Court all redacted motion papers or other redacted papers.

14. Upon the filing of any sealed or redacted document in connection with a dispositive motion, the party that designated the material as Confidential shall have five (5) judicial days to move for an order permitting the documents to remain under seal throughout the pendency of the action (a "Sealing Motion").

15. Any opposition to a Sealing Motion shall be filed within fifteen (15) days after the filing of such motion.

16. After the time to make a Sealing Motion has elapsed, all Confidential material that is not the subject of the Sealing Motion shall be re-filed by the filing party as a public document, or otherwise unsealed at the Court's direction.

17. If any party intends to offer into evidence or otherwise disclose any document or information designated "Confidential" during any hearing in this action, counsel for the proponent shall give reasonable notice of such intention to the party that designated the document or information as "Confidential," who may take such steps as are reasonable necessary and approved by the Court to preserve the confidentiality of such document or information.

18. This Stipulated Confidentiality and Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court and shall survive the termination of this action.

19. Nothing herein shall impose any confidentiality obligation upon information which (a) was in the public domain or (b) was obtained from a third party by the Producing Party without any breach by either the third party or the Producing Party of any duty or obligation on its part, or (c) already was in the possession of the party to which it was produced in the form in which it was produced.

20. The protection afforded by this Stipulated Confidentiality and Protective Order in no way affects a party's or non-party's right to withhold documents as privileged under the attorney-

client privilege, work product immunity, or other privilege or immunity or as otherwise exempted from discovery under Fed. R. Civ. P. 26. If such information is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Producing Party has inadvertently produced information subject to a claim of immunity or privilege, that party may request its return through formal written notice to all receiving entities, and in doing so shall provide a privilege log describing the basis for the assertion of the immunity or privilege. Upon such request, all receiving parties shall promptly return or destroy the information for which a claim of inadvertently produced information was made within ten (10) days and treat those materials as if they had been initially withheld from the production. Nothing in this paragraph shall limit the ability of a party to challenge any other party's assertion of privilege or immunity with respect to any document.

21.     Except as otherwise agreed in writing by the Producing Party, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, all material which has been designated as "Confidential" and which is still the subject of the protections afforded herein, and all copies thereof, produced by any party in this action or otherwise obtained from any party through discovery in this action shall be promptly returned to the Producing Party, or, at the option of the party receiving such Confidential material from the Producing Party, destroyed, and, within 90 days after the final determination of the action, the party receiving such Confidential material shall provide a sworn certification to the Producing Party that all such Confidential material has been returned or destroyed; provided, however, that to the extent the Confidential material exists in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or returning Confidential material to the Producing Party but such retained information shall continue to be treated in accordance with this Order. The Producing Party shall bear the return cost (whether via mail or courier) of information or documents designated "Confidential." Notwithstanding the foregoing, counsel for the respective Parties may retain one

copy of the materials designated "Confidential" in his or her stored files for archival purposes, but may not use or disseminate such materials.

22. For the purposes of this Stipulated Confidentiality and Protective Order only, the parties and anyone signing a form of the Confidentiality Agreement attached hereto as **Appendix A** agree to be subject to the jurisdiction of the Court and to be bound by the terms of this Stipulated Confidentiality and Protective Order.

23. If any party believes certain information or documents require additional protection, the parties agree to meet and confer and attempt in good faith to establish such additional protection, such as an attorneys' eyes only designation. In the event the parties cannot reach an agreement, the Producing Party seeking such protection may seek further protection from the Court.

24. Nothing in this Stipulated Confidentiality and Protective Order shall impact any objections as to admissibility into evidence of the documents or information designated "Confidential."

25. This Stipulated Confidentiality and Protective Order shall survive the final conclusion of this action, subject to the terms of this Stipulated Confidentiality and Protective Order and shall continue in full force and effect.

26. The parties may execute and acknowledge this Stipulated Confidentiality and Protective Order in multiple counterparts, and if executed in such manner, this Stipulated Protective Confidentiality and Order shall be valid and binding as if all parties had executed the same original.

[INTENTIONALLY LEFT BLANK, SIGNATURE PAGE TO FOLLOW]

RESPECTFULLY SUBMITTED this 26th day of June, 2013.

| RICH MICHAELSON MAGALIFF MOSER, LLP | MEISTER SEELIG & FEIN LLP |
|---|---|
| By: /s/ Howard P. Magaliff, Esq. <br> 340 Madison Avenue, 19th Floor <br> New York, NY 10173 <br> Tel.: 212.220.9402 <br><br> Attorneys for Plaintiff | By: /s/ Christopher Major <br> 140 East 45th Street, 19th Floor <br> New York, NY 10017 <br> Tel.: (212) 655-3579 <br><br> Attorneys for Defendant Robinson & Cole LLP |

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: _____

# APPENDIX "A"
## CONFIDENTIALITY AGREEMENT

I, _____, affirm that I have read the foregoing Stipulated Confidentiality and Protective Order concerning the Production and Use of Confidential Information Documents entered in *Geron v. Robinson & Cole LLP, et al.*, Case No. 11-cv-08967-WHP currently pending before the United States District Court for the Southern District of New York, and I agree to be bound by its terms and conditions. I understand that, pursuant to the Stipulated Confidentiality and Protective Order, I may not and I undertake not to divulge any information or documents (or the contents thereof) designated "Confidential" except in accordance with the terms of the Stipulated Protective Order. I will not use such information or documents (or the information contained in them) for any purpose other than as permitted under the Stipulated Confidentiality and Protective Order.

I hereby affirm under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this ___ day of _____, 201__.

_____
Signature

_____
Printed name